IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARL WATTS BAKER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1004-L** |
| | § | |
| **NAVARRO COUNTY JAIL SYSTEM,** | § | |
| **13th DISTRICT CRIMINAL COURT,** | § | |
| **MARILYN GREER, Navarro County** | § | |
| **Clerk, and LES COTTON, Sheriff of** | § | |
| **Navarro County**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Navarro County Jail System's Motion to Dismiss, filed July 27, 2009.  No response to the motion was filed.  After careful consideration of the motion, record, and applicable law, the court **grants** Defendant Navarro County Jail System's Motion to Dismiss.

**I.      Background**

Carl Watts Baker ("Plaintiff" or "Baker") filed this action against the Navarro County Jail System (the "NCJS"), Navarro County Sheriff Les Cotton, Navarro County District Clerk Marilyn Greer, and the 13th District Criminal Court on June 1, 2009.  Baker was arrested on December 7, 2008, and charged with possession of a firearm by a felon.  He contends that he was unlawfully held in the Navarro County jail for 57 days after he had been no-billed by the grand jury.  Plaintiff contends that Navarro County should have released him to Ellis County for a probation violation.

The NCJS contends that Baker, even if he proves the allegations against it, fails to state a claim upon which relief can be granted because the NCJS is not a suable entity.

## II.   Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.  Discussion

An agency or department of a political subdivision has no legal existence separate and distinct from that political subdivision unless such political subdivision "has taken explicit steps to grant the servient agency with jural authority." *Darby v. Pasadena Police Dep't.*, 939 F2d 311, 313 (5th Cir. 1991). From what the court can ascertain, the NCJS is an agency or department of Navarro County. As a county of Texas, Navarro County "is a corporate and political body." Tex. Gov't Code Ann. § 71.001 (Vernon 2008). Baker filed no response and has not alleged or shown that Navarro County has taken explicit steps to grant the NCJS jural authority to engage in litigation separate and apart from Navarro County. Further, the court is aware of no state law that confers such authority on the NCJS. The court therefore determines that the NCJS has no legal existence apart from Navarro County and is not subject to suit. Accordingly, Plaintiff has failed to state a

claim upon which relief can be granted against the NCJS, and it is entitled to dismissal from this action.

IV.    <u>Conclusion</u>

For the reasons stated herein, the court determines that Baker has failed to state a claim upon which relief can be granted.  Accordingly, the court **grants** Defendant Navarro County Jail System's Motion to Dismiss.  The court **dismisses with prejudice** all claims that Plaintiff asserts against the Navarro County Jail System.

**It is so ordered** this 9th day of October, 2009.

Sam A. Lindsay
United States District Judge