IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CARL WATTS BAKER**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:09-CV-1004-L** |
| § | |
| **13th DISTRICT CRIMINAL COURT,** § | |
| **MARILYN GREER, Navarro County** § | |
| **Clerk, and LES COTTEN,**\* **Sheriff of** § | |
| **Navarro County**, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants Sheriff Les Cotten and Marilyn Greer's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment, filed October 16, 2009. No response to the motion was filed. After careful consideration of the motion, record, and applicable law, the court **grants** Defendants Sheriff Les Cotten and Marilyn Greer's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment. The court also *sua sponte* **dismisses without prejudice** this action against the 13th District Criminal Court because it is immune.

**I.    Background**

Carl Watts Baker ("Plaintiff" or "Baker") filed this action against the Navarro County Jail System (the "NCJS"), Navarro County Sheriff Les Cotten, Navarro County District Clerk Marilyn Greer, and the 13th District Criminal Court on June 1, 2009. Baker was arrested on December 7,

---

\*This defendant's name is spelled "Cotton" on the docket sheet. The correct spelling is "Cotten," and the clerk of court is **directed** to amend the docket sheet to reflect the correct spelling.

**Memorandum Opinion and Order - Page 1**

2008, and charged with possession of a firearm by a felon. He contends that he was unlawfully held in the Navarro County jail for 57 days after he had been no-billed by the grand jury. Plaintiff contends that Navarro County should have released him to Ellis County for a probation violation. Baker seeks monetary damages for the loss of valuable time and mental and emotional injury he allegedly suffered. On October 9, 2009, the court dismissed this action with prejudice against NCJS because it is not a suable entity.

According to records of the Navarro County Sheriff's Office, on December 7, 2008, the Texas Department of Criminal Justice - Austin Parole Division notified the Navarro County Sheriff's Office to hold Plaintiff on Parole Warrant #09-05-2007-02830956 (blue warrant). Specifically, the teletype stated that "Baker, Carl Watt, subject is wanted by this agency as an administrative release violator on authority of Parole Warrant #09-05-2007-02830956, issued on 09-05-2007 pursuant to Texas Government Code Ann. 508.251 Arrest, Detain and House. Warrant will follow. Warrant has no bond. Transfer subject to your county jail."

Defendants contend that Plaintiff's Original Complaint ("Complaint") alleges no actionable injury and therefore should be dismissed for failure to state a claim upon which relief can be granted. They contend that it alleges an isolated incident and fails to allege that a County custom or policy caused a violation of Plaintiff's due process rights, that they cannot be subjected to vicarious liability under existing precedent, and that there is no causal connection set forth in the Complaint between any conduct on the part of the sheriff or district clerk and the alleged constitutional violation. Finally, they contend that the Complaint states no claims against either Defendant in his or her individual capacity. For these reasons Defendants maintain that the Complaint should be dismissed against both of them in its entirety.

## II.     Judgment on the Pleadings

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to

raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co.,* 313 F.3d at 312. While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**Memorandum Opinion and Order - Page 4**

Although there is no specific language in Rules 7 or 12 of the Federal Rules of Civil Procedure that states when the pleadings close, the following is accepted by numerous federal courts as to when the pleadings close:

> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 at 213 (2004) (footnotes omitted).

### III.    Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

**Memorandum Opinion and Order - Page 5**

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Baker filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment

**Memorandum Opinion and Order - Page 6**

evidence." *Bookman v. Schubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

### IV.   Qualified Immunity

Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A defendant official must affirmatively plead the defense of qualified immunity. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Defendants have pleaded this defense.

In deciding a dispositive motion that raises the defense of qualified immunity, the Supreme Court initially set forth a mandatory two-part inquiry for determining whether a government official was entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Under *Saucier*, a court must determine first whether the facts alleged or shown are sufficient to make out a violation of a constitutional or federal right. If the record sets forth or establishes no violation, no further inquiry is necessary. On the other hand, if the plaintiff sufficiently pleads or establishes that a violation could be made out, the court must determine whether the right at issue was clearly established at the time of the government official's alleged misconduct. *Id.* The Court recently relaxed this mandatory sequence in *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009), and stated that "while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory," and judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818. The second prong of the test "is better

understood as two separate inquiries: whether the allegedly violated constitutional right[] [was] clearly established at the time of the incident; and if so, whether the conduct of the defendant[] [official] was objectively unreasonable in light of then clearly established law." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (internal quotation marks and citations omitted); *see also Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999); *Hare v. City of Corinth,* 135 F.3d 320, 326 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996).

A right is "clearly established" only when its contours are sufficiently clear that a reasonable public official would have realized or understood that his conduct violated the right in issue, not merely that the conduct was otherwise improper. *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987); *Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994). Thus, the right must not only be clearly established in an abstract sense but in a more particularized sense so that it is apparent to the official that his actions [what he is doing] are unlawful in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. at 640; *Stefanoff v. Hays County*, 154 F.3d 523, 525 (5th Cir. 1998); and *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997).

In *Anderson*, 483 U.S. at 641, the Court refined the qualified immunity standard and held that the relevant question is whether a reasonable officer or public official *could have believed* that his conduct was lawful in light of clearly established law and the information possessed by him. If public officials or officers of "reasonable competence could disagree [on whether the conduct is legal], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (*citing Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). Qualified immunity is designed to protect from civil liability "all but the plainly incompetent or

**Memorandum Opinion and Order - Page 8**

those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. at 341. Conversely, an official's conduct is not protected by qualified immunity if, in light of clearly established pre-existing law, it was apparent the conduct, when undertaken, would be a violation of the right at issue. *Foster*, 28 F.3d at 429. To preclude qualified immunity, it is not necessary for a plaintiff to establish that "the [specific] action in question has previously been held unlawful." *Anderson*, 483 U.S. at 640. For an official, however, to surrender qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Pierce v. Smith*, 117 F.3d at 882; *Stefanoff v. Hays County*, 154 F.3d at 525.

### V. County Liability

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id. See also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [county] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of [county] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [county] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [county] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) (per curiam); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*) (per curiam), *cert. denied*, 472 U.S. 1016 (1985).  A plaintiff must identify the policy, connect the policy to the governmental entity itself and show that his injury was incurred because of the application of that specific policy.  *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985).  A plaintiff must establish that the governmental entity through its deliberate conduct "was the moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right.  *Bryan County v. Brown,* 520 U.S. at 404.

Liability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official.  *Bennett*, 728 F.2d at 769.  The official complained of must possess

> [f]inal authority to establish [county] policy with respect to the action ordered. . . . The official must also be responsible for establishing final government policy respecting such activity before the [county] can be held liable. . . . [W]hether an official had final policymaking authority is a question of state law.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-482 (1986).  An employee, agency, or board of a governmental entity is not a policymaker unless the governmental entity, through its lawmakers, has delegated exclusive policymaking authority to that employee agency or board and *cannot* review the action or decision of the employee, agency or board.  *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1340-41 (5th Cir. 1989).  County "sheriffs in Texas are final policymakers in the area of law enforcement."  *Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003) (footnote and citations omitted).

**VI.     Analysis**

    **A.     Defendants Cotten and Greer**

Plaintiff's Complaint is governed in part by 42 U.S.C. § 1997e(e). This statute provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* As Plaintiff is a prisoner within the meaning of the statute, he is precluded from recovering damages to the extent he seeks them for any emotional or mental injury, because he neither alleged nor established that he has suffered a physical injury.

The court has set forth in detail the standards for county liability and qualified immunity. The court declines to engage in an esoteric and erudite discussion of section 1983 liability. The record is clear that Plaintiff has not been injured as a result of any constitutionally defective policy or custom of Navarro County. It is equally clear that nothing in the record alleges or establishes that Cotten (even though he is a policymaker) or Greer instituted a policy or custom in their official capacities to serve as the "moving force" that caused a constitutional injury to Plaintiff. Further, Plaintiff fails to allege or establish that Cotten or Greer, in their individual capacities, engaged in any conduct that violated clearly established law. Accordingly, neither Plaintiff's pleadings nor his evidence establishes a basis for liability on the part of Cotten or Greer, and they are entitled to judgment as a matter of law on all claims against them.

    **B.     Defendant 13th District Criminal Court**

Based on the return of service, the 13th District Criminal Court was served on July 10, 2009. The person served on behalf of the court was a person named Kathy Porter. This Defendant never filed an answer. Although the 13th District Criminal Court never filed an answer, a court must

**Memorandum Opinion and Order - Page 11**

dismiss a prisoner's complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1),(2). The term "prisoner" is defined to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). The court, as is permitted, raises this matter *sua sponte* and determines that Plaintiff's claim against the 13th District Criminal Court must be dismissed because of immunity.

The 13th District Criminal Court is entitled to immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (citations omitted). This immunity applies unless it is waived by consent of a state or abrogated by Congress. *Id.* at 99 (citations omitted). The 13th District Criminal Court is an agency of the State of Texas and, as such, enjoys immunity.

The court did not locate any Fifth Circuit authority holding that a court was an agency, arm, or instrumentality of the state; however, it found authority to conclude that a state district court falls squarely within this category. In *Armadillo Bail Bonds v. State of Texas*, the court held:

> A court is an instrumentality of sovereignty, the repository of its judicial power, with authority to adjudge as to the rights of person or property between adversaries. *Mengel Box Co. v. Fowlkes*, 135 Tenn. 202, 186 S.W. 91, 92 (1916). Therefore, in the context of the present case, we must determine if the State of Texas, as sovereign, by its Constitution has placed the judicial power of the State of Texas in its courts. We conclude that the State of Texas has placed judicial power, with authority to adjudge as to the rights of person or property between adversaries, in the judicial branch. We reach this conclusion because the State of Texas, as sovereign, created district courts, and

**Memorandum Opinion and Order - Page 12**

> provided for judges of those courts, in article V, sections 1 and 7 of its Constitution and placed its judicial power in all criminal cases of the grade of felony in those district courts. TEX. CONST. art. V, § 8.

772 S.W.2d 193, 195 (Tex. App. — Dallas 1989), *aff'd*, 802 S.W.2d 237 (Tex. Crim. App. 1990). Moreover, other authority holds that state courts are cloaked with Eleventh Amendment immunity because they are agencies, arms or instrumentalities of the state. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that suit against a state court was barred by the Eleventh Amendment because the state court was an arm of the State of California); *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994) (holding that the "Eleventh Amendment . . . bars federal suits against state courts."); *Harris v. Missouri Court of Appeals, W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) ("Courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the [E]leventh [A]mendment.") (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). The court concludes that the 13th District Criminal Court is an agency, arm, or instrumentality of the State of Texas. Nothing in the record remotely indicates or suggests that the State of Texas consented to Plaintiff's suit or that Congress has abrogated the Eleventh Amendment immunity of district courts in the State of Texas. As such, the 13th District Criminal Court is entitled to immunity, and Plaintiff's suit against it is jurisdictionally barred pursuant to the Eleventh Amendment.

### VII.   Conclusion

For the reasons herein stated, the court **grants** Defendants Sheriff Les Cotten and Marilyn Greer's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment. The court **dismisses** this action **with prejudice** as to Defendants Cotten and Greer. The court also

*sua sponte* **dismisses without prejudice** this action against the 13th District Criminal Court because it is immune. Judgment will issue by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure. The clerk of the court is directed to forward a copy of the court's decision to the 13th District Criminal Court.

    **It is so ordered** this 30th day of June, 2010.

                                               Sam A. Lindsay
                                               United States District Judge